**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
------------------------------------x
CENDANT CORPORATION,                 :
                                     :
            Plaintiff,               :
                                     :
v.                                   : Civil No. 3:06CV00854(AWT)
                                     :
E. KIRK SHELTON, AMY M. SHELTON      :
and ROBIN D. JACKSON, TRUSTEE of     :
THE SHELTON CHILDREN IRREVOCABLE     :
TRUST,                               :
                                     :
            Defendants.              :
------------------------------------x
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
     Plaintiff,                      :
                                     :
v.                                   : Civ. No. 3:06CV01827(AWT)
                                     :
SCIP PARTNERS, L.P., SCIP            :
MANAGEMENT COMPANY, INC., ROBIN D.   :
JACKSON, AS TRUSTEE OF THE SHELTON   :
CHILDREN IRREVOCABLE TRUST, AMY M.   :
SHELTON, VICKI S. DEANGELI, SCOTT    :
E. SHELTON, KIP A. SHELTON,          :
CHRISTINE A. DEANGELI, ADAM M.       :
DEANGELI, JOHN A. SCHULTZ, and E.    :
KIRK SHELTON,                        :
                                     :
     Defendants.                     :
------------------------------------x
```

**ORDER RE CENDANT CORPORATION'S MOTION TO PARTICIPATE
IN HEARING SET FOR THE CONSIDERATION OF THE DEFENDANTS'
<u>MOTION TO QUASH OR VACATE PREJUDGMENT ATTACHMENTS</u>**

For the reasons set forth below, Cendant Corporation's Motion to Participate in Hearing Set For the Consideration of the Defendants' Motion to Quash or Vacate Prejudgment Attachments was granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2007, the court held a status conference to discuss pending motions in the above-captioned cases. At that conference, the court addressed defendant Robin Jackson, Trustee's Motion to Consolidate Cases (Doc. No. 186, Civ. No. 3:06CV00854; Doc. No. 145, Civ. No. 3:06CV01827). Absent objection from any of the parties, the court indicated that it would "consolidate the cases for all purposes." (Doc. No. 194, Civ. No. 3:06CV00854, Tr. at 8).[1] The court subsequently issued an Order as to Schedule and Depositions, wherein it noted that the actions brought by Cendant Corporation ("Cendant") and the government were "being treated as a consolidated case." (Doc. No. 192, Civ. No. 3:06CV00854, at 2).

Also at the August 16, 2007 hearing, the court addressed Cendant's Motion to Intervene (Doc. No. 88). In its motion, Cendant argued that it should be permitted to adopt "the Government's complaint as its complaint in intervention." (Doc. No. 88, Civ. No. 3:06CV00854, at 3). The court observed that Cendant's motion was "now moot" because the cases had been consolidated. (Doc. No. 194, Civ. No. 3:06CV00854, Tr. at 12). However, the court added that "on the merits, the Motion to

---

[1] Although the Trustee's motion addressed consolidation of the cases for discovery only, counsel for the Trustee indicated that he had no objection to consolidation of the cases "for all purposes." (Doc. No. 194, Civ. No. 3:06CV00854, Tr. at 8).

-2-

Intervene should be denied." (Id.). The court stated that the Motion to Intervene should be denied on the merits "for substantially the reasons set forth in Part I and Part II of Robin D. Jackson's memorandum in opposition." (Doc. No. 147, Civ. No. 3:06CV01827). The court concluded that Cendant could not adopt the government's Complaint because it contained claims made under the Federal Debt Collection Procedures Act ("FDCPA") and such claims can only be brought by the government. Moreover, Cendant was precluded by the prior pending action doctrine from intervening because it had already filed its own suit under Connecticut law.

Currently pending before the court is the defendants' Motion to Quash or Vacate Prejudgment Attachments (Doc. No. 102, Civ. No. 3:06CV01827). The court began the evidentiary hearing on this motion on November 6, 2007, and it is continuing. The defendants argued that Cendant should not be permitted to participate in the hearing because the hearing concerns prejudgment attachments and garnishments that were obtained by the government pursuant to the FDCPA, rather than remedies sought by Cendant.

**II. DISCUSSION**

The defendants made three primary arguments in opposition to Cendant's motion to participate in the hearing. First, the defendants relied on the court's previous denial of Cendant's

motion to intervene in the government's action in support of their contention that Cendant should not be permitted to participate in a hearing relating to attachments and garnishments obtained by the government. The defendants' argument ignored the court's decision to consolidate the cases for all purposes. This decision effectively rendered moot Cendant's motion to intervene. The court's denial of Cendant's motion to intervene on the merits did not affect the status of the cases as consolidated cases.

Second, the defendants argued that, even if Cendant has standing to bring its own action against the defendants, Cendant does not have standing to participate in a separate action in a statutory proceeding afforded to the government. The defendants, who previously argued in favor of consolidation, now contend that Cendant lacks standing to participate in an evidentiary hearing on the prejudgment attachments and garnishments in the government's case because that is a "separate" action. In view of the order consolidating the cases, the court finds the defendants' argument unpersuasive.

Third, the defendants argued that Cendant suffers no disadvantage by not participating in the hearing because its interests are already being fully protected by the government. At the same time, the defendants argued that Cendant's accounting/financial expert should not be permitted to offer testimony concerning transactions that relate only to the

government's action.  However, because the cases have been consolidated, Cendant and the government are sharing responsibility in preparing for trial.  As part of this cooperation, Cendant has retained an accounting/financial expert.  To the extent that the plaintiffs would not be permitted to use Cendant's expert to offer opinions on transactions relating exclusively to the government's action, Cendant would be disadvantaged if it were not allowed to participate.  The court therefore concluded that Cendant's interests can only be fully protected if it was permitted to actively participate in the hearing, raise arguments and objections, and examine witnesses.

**III. CONCLUSION**

For the reasons set forth above, Cendant's Motion to Participate in Hearing Set For the Consideration of the Defendants' Motion to Quash or Vacate Prejudgment Attachments (Doc. No. 223, Civ. No. 3:06CV00854) was GRANTED on November 6, 2007.

It is so ordered.

Dated this 28th day of November 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
